AAS/EJD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

FAN LIU, et al.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - -X

<u>PROTECTIVE ORDER</u>

Cr. No. 22-311 (LDH)

       IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of

Criminal Procedure 16(d), that:

       1.     Any and all discovery material designated by the government as

containing material with heightened sensitivity that is produced to the defendants FAN LIU,

MATTHEW ZIBURIS, CRAIG MILLER, and DERRICK TAYLOR (the "Defendants") and

their defense counsel ("Defense Counsel") by the government in the above-captioned case

("Sensitive Discovery Material"), and any and all copies, notes, transcripts, documents or other

information derived or prepared from the Sensitive Discovery Material, may be used by the

Defendants and Defense Counsel only for purposes of preparing and defending the case,

including but not limited to trial, sentencing, any appeal and any collateral attack, involving

the charges in the above-captioned case;

       2.     The designation of discovery materials as Sensitive Discovery Material

is within the sole discretion of the government pursuant to the terms of this Protective Order.

The government will clearly label the specific materials that are Sensitive Discovery Material

and thus subject to this Protective Order;

1

3.	Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material, shall not under any circumstances be taken, transmitted or accessed, in whole or in part, outside of the United States of America, except as otherwise provided in this Protective Order;

4.	The Defendants may review the Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff.  The Defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

5.	Any and all Sensitive Discovery Material produced to Defense Counsel by the government and any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall not be further disseminated by the Defense Counsel to any individuals, organizations or other entities (other than legal staff of Defense Counsel, including project analysts, paralegals and IT staff, experts, or investigators/agents retained by Defense Counsel who have been provided a copy of and have agreed to be bound by the terms of this Protective Order by signing Attachment A, without further Order of the Court);

6.	Where Defense Counsel wishes to disclose any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, to any individual other than a member of the legal staff of Defense Counsel (which legal staff includes project analysts, paralegals and IT staff, experts, and investigators/agents retained by Defense Counsel who have been

provided a copy of and have agreed to be bound by the terms of this Protective Order by signing Attachment A), unless the government consents to the disclosure, Defense Counsel must make an application to the Court for authorization to make such disclosure and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government;

7.    None of the Sensitive Discovery Material nor any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where Defense Counsel wishes to refer to or to attach any portion of the Sensitive Discovery Material  in public filings made with the Court, Defense Counsel must provide advance notice to the government and, unless the government consents to the disclosure, make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure, except that the requirements of advance notice to the government and application to the Court for authorization to make such disclosure shall not apply where all documents referring to, attaching or consisting of Sensitive Discovery Material are filed under seal;

8.    Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

9.     This Protective Order pertains solely to unclassified discovery materials. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) and/or the Classified Information Procedures Act as to particular items of discovery material, including classified discovery materials which are subject to additional handling restrictions and controls;

10.     If any of the Defendants obtains substitute counsel, Defense Counsel of record who has entered into this Protective Order will not transfer any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material unless and until substitute counsel enters into this Protective Order;

11.     Defense Counsel will destroy or return to the government the Sensitive Discovery Material  and all copies thereof, whether in the possession of the Defense Counsel or the legal staff of defense counsel (including project analysts, paralegals and IT staff, experts, or investigators/agents retained by defense counsel who have been provided a copy of and have agreed to be bound by the terms of this Protective Order by signing Attachment A), at the conclusion of the trial if a Defendant is acquitted on all counts or, in the case of a conviction either at trial or by a guilty plea, upon completion of any sentencing, appeal or collateral attack on the conviction made by a Defendant, with the exception that Defense Counsel may retain one copy set for its records; and

12.     Any violation of this Protective Order, as determined by the Court, will require, in addition to any other sanction deemed appropriate by the Court, the

immediate destruction of or return to the United States of the Sensitive Discovery Material

and all copies thereof.

Dated: Brooklyn, New York
      September **12** , 2022

                                     SO ORDERED.

                                     **s/ LDH**

THE HON. LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Attachment A to Protective Order

I have read the attached Protective Order in the matter of <u>United States v. Fan Liu, et al.</u>, No. 22-CR-311 (LDH), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature | Date Signed |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |