AAS/EJD
F.#2021R00184

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

FAN LIU,

    also known as Frank Liu

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PROTECTIVE ORDER

No. 22-CR-311 (LDH)

IT IS HEREBY ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1.    All material and information disclosed or produced pursuant to Rule 16 or 26.2 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendant (the "Defendant"), and the Defendant's counsel ("Defense Counsel"), by the government in the above-captioned case, including material designated as "Sensitive" or "Attorney's Eyes Only" as described herein (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

2.    Discovery Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, may be used by the Defendant, Defense Counsel and "Defense Staff" (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and

interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case and any superseding indictment, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.

3.    Except as provided in paragraph 2 of this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4.    None of the Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

5.    Discovery Materials and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, shall not under any circumstances be taken, transmitted or accessed, in whole or in part, outside of the United States of America, except pursuant to either prior written consent of the government or order of the Court.  Should Defense Counsel travel with a laptop used for business that has been used to access and/or store Discovery Materials, Defense Counsel will not access the Discovery Materials in whole or in part while outside of the United States of America.

6.     The Defendant, Defense Counsel, and Defense Staff may use Discovery Materials without consent of the government or further order of the Court, so long as any person to whom the Discovery Materials are shown has signed this Protective Order, or has been provided a copy of this Protective Order, signed Attachment A to this Protective Order, and provided the signed copy to Defense Counsel.  In no case, however, may Defense Counsel or Defense Staff allow a potential witness or a potential witness's counsel to retain the Discovery Materials, other than attorney work product based on Discovery Materials, which work product shall not be disclosed, disseminated or discussed publicly or with any person not entitled to view the Discovery Materials under this Protective Order, and may be retained only by a potential witness.

7.     In the event the Defendant, Defense Counsel, Defense Staff or the government wish to attach any portion of the Discovery Materials to public filings made with the Court, Defense Counsel and/or the government must either: (a) file the Discovery Materials under seal and indicate to the Court their position with regard to whether the Discovery Material should remain under seal, such that the government or Defense Counsel may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Discovery Materials should remain sealed; or (b) confer with the opposing party as to whether the Discovery Materials should remain under seal, such that upon agreement of the parties, such restriction may be lifted and the material may be publicly filed without further order of the Court.

8.     The government may identify certain Discovery Materials as sensitive discovery material (the "Sensitive Discovery Material").  The Defendant may review Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff. The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and

any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

9.      The Defendant, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

10.     If Defense Counsel chooses to share the Sensitive Discovery Material with a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Staff.  In no case, however, may Defense Counsel or Defense Staff allow such a person to retain the Sensitive Discovery Material or any copies thereof or to create or retain work product based on Sensitive Discovery Material.

11.     Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order.  If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the Defendant may provide notice to the government and a reasoned explanation regarding why the Defendant does not believe the materials require treatment as Sensitive Discovery Material.  To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material.  The

Defendant shall treat the material as Sensitive Discovery Material pending any determination by the Court.

12.    Any documents, material, or information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by the government that designation as Sensitive Discovery Material provides insufficient protection to such materials and where the government can establish good cause for restricting access to such materials.    To the extent the parties do not agree, either party may make an application to the Court regarding why the material should or should not be treated as Attorneys' Eyes Only Material.  Defense Counsel shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

13.    Any documents, material, or  information determined to be  Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the specific material or information. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted.  Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the specific media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Sensitive-Attorneys' Eyes Only material.

14.    All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material")

shall be treated as designated Sensitive Discovery Material with the additional limitations discussed above.

15.     Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively.  Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendant. Attorneys' Eyes Only Material may be shared with the Defendant under the constraints applicable to Sensitive Discovery Materials at least four weeks before pre-trial motions are due, unless the government shows good cause why it should not be shared only two weeks before pre-trial motions are due.  If the government and Defense Counsel are not able to reach agreement on the sharing of Attorneys' Eyes Only Materials, the government and Defense Counsel may seek intervention from the Court.

16.     Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities except as necessary to prepare a defense.

17.     If the Defendant obtains substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government.

18.     Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery or preclude the Defendant from challenging the entry of any such further protective order.

19.     Except for material that has been made part of the record of this case, the Defendant and Defense Counsel will return to the government or securely destroy or delete the Discovery Material and all copies thereof, whether in the possession of the Defendant, Defense Counsel, Defense Staff or any other signatory to Attachment A to this Protective Order, when the Defendant concludes all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendant's appellate rights, involving the charges in the above-captioned case.  The obligations under this paragraph are subject to Defense Counsel's duty to retain client files under the Rules of Professional Conduct.

20.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

21.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

22.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

7

23.    This Protective Order applies only to unclassified sensitive discovery material.  Nothing in this Protective Order shall alter or control the handling of any classified material pursuant to the Classified Information Procedures Act and any applicable rules and regulations.

Dated:        Brooklyn, New York
              June ___, 2025

                                                  JOSEPH NOCELLA, JR.
                                                  United States Attorney
                                                  Eastern District of New York

                                        By:       _____
                                                  Alexander A. Solomon
                                                  Emily J. Dean
                                                  Assistant U.S. Attorneys

_____
Michael Vitaliano, Esq.
Attorney for Fan Liu, also known as Frank Liu


SO ORDERED.


_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

## Attachment A to Protective Order

I have reviewed the Protective Order in United States v. Liu, 22-CR-311 (LDH) and agree to comply with all of the terms and conditions therein.

| Full Legal Name | Title and Organization | Signature | Date |
|---|---|---|---|
| Caitlin Forsythe | Paralegal, Vitaliano Law Firm | *[signature]* | 6/24/25 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |